## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE NORTH OF ENGLAND P&I ASSOCIATION LTD.** | **CIVIL ACTION** |
| | **NO:** |
| **VERSUS** | |
| | **SECTION:** |
| **FRILOT L.L.C.** | |
| | **JUDGE:** |
| | **MAG. JUDGE** |
| | **JURY TRIAL REQUESTED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES FOR LEGAL MALPRACTICE

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint of North of England P&I Association Ltd. (NOE), a foreign Protection & Indemnity maritime underwriting association organized under the laws of England and Wales, with respect represents:

1.

Named defendant herein is Frilot L.L.C., a Louisiana limited liability company formed for the purpose of providing professional legal services in Louisiana and elsewhere.

## BACKGROUND FACTS

2.

On March 6, 2012, Alex Sia Duzar (Duzar), a Filipino seaman, sued Norden A/S Dampskibsselskabet (DNA) in the 25th Judicial District Court, Parish of Plaquemines, claiming head injuries as a result of being struck by a vessel gangway while working aboard the M/V NORD HUMMOCK as a bosun on October 11, 2011.

1

3.

Duzar's Petition for Damages alleges in part that he was a citizen of the Republic of the Philippines, that he was injured as a result of the negligence of the defendant vessel owner and vessel unseaworthiness, and that he had not signed any written agreement containing any arbitration clause prohibiting the prosecution of his case in Louisiana state court.

4.

At all material times, DNA was insured for the claims and causes of action asserted by Duzar in his Petition for Damages by plaintiff NOE.

5.

Upon receipt of the Petition for Damages from its insured, NOE retained FRILOT L.L.C. to defend DNA as owner of the M/V NORD HUMMOCK against all claims brought by Filipino seaman Duzar.

6.

Thereafter, during the existence of said attorney-client relationship and the pendency of the Duzar case, Frilot, by and through its attorneys, filed numerous pleadings, participated in extensive discovery, made numerous court appearances for motion hearings and conferences, sought appellate review of lower court rulings, and engaged in settlement discussions with Duzar's counsel of record.

7.

During the defendant's representation of DNA, its attorneys learned that Duzar was employed by DNA pursuant to a contract of employment approved by the Philippine Overseas Employment Administration (POEA) and that the POEA Standard Terms and Conditions

contained an arbitration clause that is standard in many if not all Filipino seaman employment situations.

8.

Pursuant to The Convention on the Recognition and Enforcement Foreign Arbitral Awards (The Convention), as consistently interpreted by the American courts, Duzar's state court petition for damages was subject to removal to the United States District Court for the Eastern District of Louisiana, following compulsory arbitration pursuant to the POEA.

9.

Despite this knowledge, defendant failed to take reasonable and necessary steps to investigate the merits of a removal petition and motion to compel arbitration.  Rather, defendant concluded that Duzar's lawsuit was governed by a separate Collective Bargaining Agreement (CBA) without a reasonable basis for this decision.

10.

On January 27, 2015, defendant, by and through its attorneys, informed plaintiff that there was not a viable procedural avenue available to remove Duzar's claim to federal court.

11.

Upon receipt of this advice, plaintiff retained a second law firm in New Orleans to review the issue of possible removal of Duzar's case to federal court under The Convention and assume responsibility for ongoing settlement negotiations with Duzar's counsel of record. Defendant was to focus its efforts from that point forward on preparation for trial in the 25th Judicial District Court, Parish of Plaquemine.

12.

The new law firm undertook an investigation of the removal/arbitration issue. By March 3, 2015, they concluded that a petition for removal and subsequent motion to compel arbitration for Mr. Duzar's case was indeed viable, the only question being whether Duzar signed the POEA standard terms in addition to his one-page employment contract with DNA. On April 30, 2015, DNA informed new defense counsel that Duzar had indeed signed the POEA contract and was bound by the POEA Standard Terms and Conditions as a condition of his employment as a bouson aboard the M/V NORD HUMMOCK.

13.

Based on this information, new defense counsel prepared and filed a Notice of Removal in the Eastern District of Louisiana on May 5, 2015.

14.

By the time the Notice of Removal was filed, over three (3) years after the filing of Duzar's Petition for Damages in state court, Duzar's counsel of record had made a formal settlement demand on DNA in an amount five times greater than the amount that Duzar's counsel indicated the case was worth three (3) years earlier.

15.

Given the extensive delay in seeking removal and the consequent risk that DNA had waived its right to removal and compulsory arbitration of Duzar's claims, plaintiff settled Duzar's claim for $1,000,000 on July 2, 2015.

## FOR A FIRST CAUSE OF ACTION

16.

Based on the facts stated herein, defendant Frilot L.L.C. failed to exercise the degree of care, skill and diligence which is exercised by prudent practicing attorneys in this area in the following particulars:

a. Failure to timely identify and research the potential for removal of Duzar's claim to federal court pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards;

b. Failure to investigate the facts and circumstances surrounding Duzar's employment relationship with DNA, the execution of his employment contract and whether said contract was approved by and/or incorporated the Philippine Overseas Employment Administration Standard Terms and Conditions requiring arbitration of Duzar's claims;

c. Continuing to defend Duzar's state court lawsuit for over three (3) years without taking any steps to determine whether a Notice of Removal and Motion to Compel Arbitration should be filed on DNA's behalf; and

d. Continuing to defend Duzar's state court lawsuit for over three (3) years and thereby potentially waiving DNA's right to seek removal of Duzar's lawsuit pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

17.

It is clear based on the consistent enforcement of removal and compelled arbitration of Filipino seaman claims by American federal courts that a Notice of Removal and Motion to Compel Arbitration would have been successful if timely filed in a court of competent

jurisdiction, that Duzar would have been forced to arbitrate his personal injury case in the Philippines by the federal district court, and that his case would have been resolved far more quickly and for substantially less than the settlement amount.

18.

As a result of defendant's failure to exercise the requisite degree of care, skill and diligence as alleged herein, plaintiff NOE, the underwriter legally responsible to pay damages to Duzar on behalf of DNA, suffered losses consisting of excessive and unnecessary legal fees and litigation costs and grossly inflated settlement of Duzar's personal injury case, the reasonable amounts of which plaintiff is entitled to recover from defendant Frilot L.L.C. pursuant to Louisiana law.

19.

Jurisdiction of this first cause of action against the aforesaid defendant is based on the complete diversity of citizenship of the parties pursuant to 28 U.S.C. §1332 (a)(1) and an amount in controversy far in excess of $75,000, excluding costs and interests.

20.

Plaintiff requests that trial by jury on all claims stated herein.

**WHEREFORE**, plaintiff North of England P&I Association Ltd. prays for judgment against defendant Frilot L.L.C. and in its favor in an amount reasonable under the circumstances of this cause, plus all costs and interest as allowed by applicable law, and for a trial by jury on all

claims and causes brought herein and to be brought by way of amended and/or supplemental

complaint, and for any additional relief as the facts, law and equity may require.

                              Respectfully submitted,

                              /s/ Paul M. Sterbcow_____
                              Paul M. Sterbcow (#17817)
                              LEWIS, KULLMAN, STERBCOW & ABRAMSON
                              601 Poydras Street, Suite 2615
                              New Orleans, Louisiana 70130
                              TEL:   (504) 588-1500
                              FAX:   (504) 588-1514
                              EMAIL: sterbcow@lksalaw.com

**PLEASE SERVE:**

**FRILOT L.L.C.**
Through its registered agent:
Mr. Miles P. Clements
1100 Poydras Street, Suite 3700
New Orleans, Louisiana