UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE NORTH OF ENGLAND<br>  P&I ASSOCIATION LTD.<br>  and DAMPSKIBSSELSKABET NORDEN<br>  AKTIESELSKAB | CIVIL ACTION |
| VERSUS | NO.  15-7018 |
| FRILOT, L.L.C. | SECTION  "N" (5) |

**ORDER AND REASONS**

Presently before the Court is the Motion for Summary Judgment (Rec. Doc. 17) filed by Defendant Frilot L.L.C. ("Frilot").  In its motion, Frilot argues that the legal malpractice claims asserted herein by Plaintiffs, The North of England P&I Association Limited and Dampskibsselskabet Norden Aktieselskab, are legally precluded by the three-year peremptive period established by Louisiana Revised Statute 9:5605.  Having carefully reviewed the parties' submissions and applicable law, **IT IS ORDERED** that Frilot's motion for summary judgment is **GRANTED** for essentially the reasons stated in its original and reply memoranda (Rec. Docs. 17-1 and 23). Accordingly, **IT IS FURTHER ORDERED** that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

As urged by Frilot, the conduct that Plaintiffs contend was legal malpractice – Frilot's continued defense of claims in the underlying state court litigation to the extent that the right to compel arbitration may have been waived – was the direct result of Frilot's allegedly erroneous

earlier assessment, in April 2012, that the claims were not subject to an enforceable arbitration agreement. In other words, Frilot's continuation of its representation in accordance with its prior determination that arbitration was not available, rather than timely discovering and remedying that alleged error, did not extend (or start anew) the three-year legal malpractice peremptive period. Thus, the alleged eventual loss of the right to ask a court – state or federal – to require the opposing litigant to submit claims to arbitration constitutes a part of Plaintiffs' damages, not an independent tort claim to which a separate and later peremptive period applies.

This is true even if the underlying litigation, the lawyer-client relationship between the parties, and the alleged errors extend beyond the three-year peremptive period. *See, e.g., Jenkins v. Starns,* 2011-1170, 24 (La. 1/24/12), 85 So. 3d 612, 626 ("continuous representation rule cannot apply to suspend the commencement" of the one-year and three-year peremptive periods in La. R.S. 9:5605"); *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So. 2d 1291, 1297 ("there is no doubt that the Legislature intended that three years after the 'act, omission, or neglect,' the cause of action is extinguished, regardless of when the negligence is discovered and regardless of whether a malpractice action may be brought within that three-year period'"); *see also Atlas Iron & Metal Co. v. Ashy*, 2005-458 (La. App. 3 Cir. 1/4/06), 918 So. 2d 1205, 1213, *writ not considered*, 2006-0296 (La. 4/28/06), 927 So. 2d 276 ("[P]eremption begins to run . . . even though the cause of action may not ripen into a justiciable claim until the client experiences some damages. If no damages are incurred within three years of the act, omission, or negligence, the cause of action and

right of action perempts regardless."). Accordingly, because all of Plaintiffs' claims are premised upon conduct alleged to have occurred more than three years before the December 23, 2015 filing date of the instant action, they are untimely.

        New Orleans, Louisiana, this 21st day of June 2016.

                              **KURT D. ENGELHARDT**
                              **United States District Judge**

**Clerk to Copy:**

U. S. Magistrate Judge Michael B. North